THE HACKETTSTOWN BANK, Respondent, v. GEORGE M. REA, Appellant.

(GENERAL TERM, FIRST DEPARTMENT, NOVEMBER, 1872.)

Where the maker and indorser of a note reside in New York, where it is payable, the note is not usurious because discounted in New Jersey for more than the legal rate of interest in New Jersey. The statute of New Jersey, limiting the rate of interest to six per cent, does not apply.

Present—INGRAHAM, P. J.; LEONARD and LEARNED, JJ.

LEARNED, J. This is an action of foreclosure.

The defence is usury, consisting in this: that a note, dated and payable in New York, was discounted at seven per cent by the plaintiffs, a New Jersey bank, the rate of interest being six per cent in New Jersey; and that the borrower paid the expressman seventy-five cents, being his proper charge, for bringing the money.

Another defence is that the plaintiffs, a foreign corporation, kept an office in New York for the purpose of issuing money, &c.; and, also, that they were interested in a fund employed for making discounts, &c., in New York, in violation of the statute against unauthorized banking.

As to the second defence, the referee has found that the plaintiffs did not keep any office (except at Hackettstown) for the purpose of discounting, &c., and did not employ their effects and were not interested in a fund for such purposes (except at Hackettstown).

This is a question of fact, and we think he found correctly. The case of *Suydam* v. *Morris Canal Co.* (5 Hill, 491, *n.*, and 6 Hill, 217) shows that transactions like those in the present case are not necessarily violations of that act. It is not every loan made in this State by a foreign corporation which is prohibited; and there is no ground upon the evidence to disturb the referee's finding.

In the case of *Jewell* v. *Wright* (30 N. Y., 259) a note was

made and dated in New York, and was payable here. It was first negotiated in Connecticut. The court held that, on the question of usury, the laws of this State applied. To the same effect is *Culler* v. *Wright* (22 N. Y., 472). In this present case, therefore, where the maker and indorser of the notes lived in New York, and where the notes were drawn, dated and payable here, the laws of New York must govern as to the rate of interest. If drawn "with interest," the rate would have been seven per cent. As they were without interest the same rate of discount must be legal.

We do not think, therefore, that the statute of New Jersey, limiting interest to six per cent, made the notes in question usurious and void, when discounted at that rate.

The charter of the plaintiffs contains a clause that they shall not take more "than the legal rate of interest for the time being." This undoubtedly is but a clause put in for greater security. It does not alter the legal rate, or make that illegal which would otherwise be legal. Indeed, the expression "for the time being" seems to imply that there might be transactions of the bank in which interest might be taken lawfully at a rate greater than that usually authorized in the State. But, however that may be, we see no reason to give to that clause in the bank charter any other effect than that which would result from the general law of New Jersey on the subject of usury; and, as appears by the cases cited above, that law does not render these notes usurious.

The judgment entered on the report of the referee should be affirmed, with costs.

INGRAHAM and LEONARD, JJ., concurring.